**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Bower,<br><br>                Plaintiff,<br><br>v.<br><br>Capital One Bank (USA) NA; Gurstel Chargo PA,<br><br>                Defendants. | No. CV-12-8060-PCT-GMS<br><br>**ORDER** |

      Pending before the Court is Defendant Capital One Bank's Motion to Dismiss for Failure to State a Claim. (Doc. 8). Plaintiff has not filed a response to the motion and the time for doing so has expired. For the reasons discussed below, Defendant's motion is granted.

## BACKGROUND

      On February 14, 2012, pro se plaintiff Michael J. Bower filed a complaint against Defendants in Mohave County Justice Court, alleging civil racketeering and a violation of the Fair Debt Collection Act (FDCA). (Doc. 1, Ex. 3). Capital One Bank then removed the case to this Court and served plaintiff with a copy of the Notice of Removal. (Doc. 1). On April 9, 2012, Capital One filed its 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 8) and Defendant Gurstel Chargo later joined in its Motion. (Doc. 9). Plaintiff failed to respond within the fourteen-day period, as required under LRCiv 7.2(c). On May 2, 2012, this court warned the Plaintiff that failure to respond to the

motion by May 16, 2012 may be construed as consent to dismissal of his case. However, as of the date of this order, Plaintiff has failed to file a response.

### DISCUSSION

LRCiv 7.2(i) provides that an unrepresented party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." This Circuit insists that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

The Court has afforded Plaintiff ample time to respond to Defendants' motion and has warned him that failure to do so could result in the granting of the motion. However, Plaintiff has neither filed a responsive memorandum nor taken any other action. Moreover, upon review of Defendants' Motion to Dismiss, the Court determined it has merit. The Court will therefore grant Defendants' motion to dismiss with prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 8) is **GRANTED**.

Dated this 31st day of May, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge